IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Carolyn Schlatter, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 3957 |
| ARS National Services, Inc., a California corporation, LVNV Funding, LLC, a Delaware limited liability company and Resurgent Capital Services, L.P., is a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Carolyn Schlatter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants resides and transacts business here.

## PARTIES

3. Plaintiff, Carolyn Schlatter ("Schlatter"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt originally owed for a Meijer credit card, which was then allegedly owed to bad debt

buyer LVNV Funding, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, ARS National Services, Inc., ("ARS"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant ARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants LVNV and Resurgent are sister corporations. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for

Case: 1:10-cv-03957 Document #: 1 Filed: 06/25/10 Page 3 of 6 PageID #:3

pennies on the dollar. Defendant Resurgent manages collections of the portfolios of debts that LVNV buys.

8. Defendants ARS, LVNV and Resurgent are all licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all three Defendants conduct business in Illinois.

9. Defendants ARS, LVNV and Resurgent are all licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, all three Defendants act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Schlatter is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally for a Meijer credit card. At some point in time, Defendant LVNV bought Ms. Schlatter's Meijer account after she defaulted on it, and when Defendants LVNV and Resurgent began trying to collect the Meijer debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Specifically, Defendants LVNV and Resurgent hired another debt collection agency, Credit Control, to demand payment of the LVNV/Meijer debt. Accordingly, on June 3, 2009, one of Ms. Schlatter's attorneys at LASPD informed Defendants LVNV and Resurgent, through their agent, Credit Control, that Ms. Schlatter was represented by counsel, and directed LVNV and Resurgent to cease contacting her

3

and to cease all further collection activities because Ms. Schlatter was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Nonetheless, Defendants LVNV and Resurgent then hired Defendant ARS to collect the LVNV/Meijer debt from Ms. Schlatter. The Defendants then sent a collection letter to Ms. Schlatter, dated October 14, 2009, demanding payment of the LVNV/Meijer debt. A copy of this letter is attached as Exhibit D.

13. Moreover, Defendants LVNV and Resurgent also sent a letter, dated October 28, 2009, directly to Ms. Schlatter that purported "an original validation of the debt that verifies this debt", which stated that Ms. Schlatter owed LVNV for the debt at issue and which continued to request payment of the debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on November 8, 2009, one of Ms. Schlatter's LASPD attorneys had to inform Defendants again, in writing, that Ms. Schlatter demanded that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Schlatter's agent, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Schlatter was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Schlatter was represented by counsel, and had directed a cessation of communications with Ms. Schlatter. By sending a

collection letter to Ms. Schlatter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Schlatter, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Schlatter, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn Schlatter, demands trial by jury.

Carolyn Schlatter,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 25, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com